**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

FRANKLIN L. CHANCE,
ADC #132313                                                                                    PLAINTIFF

2:12CV00228-DPM-JTK

RAY HOBBS, et al.                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P.
Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections
should be specific and should include the factual or legal basis for the objection.  If the objection
is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing
is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

I.      **Introduction**

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No.

33).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 39), and Defendants filed a

Reply (Doc. No. 40).

Plaintiff Franklin Chance is a state inmate incarcerated at the East Arkansas Regional Unit

of the Arkansas Department of Correction (ADC).   He filed this action pursuant to 42 U.S.C. §

1983, alleging retaliation in the filing of a disciplinary charge against him, together with due process

and equal protection violations.  Defendants Hobbs, May, Wilkens, Smith, and Lawrence were

dismissed on February 7, 2013 (Doc. No. 16).  The remaining Defendants are Warden Danny Burl,

Officer Curtis Rolfe, Disciplinary Hearing Officer Lathan Ester, and Disciplinary Server Tameka

Cody.  Plaintiff asks for monetary and injunctive relief.

## II.    Complaint (Doc. No. 2)

Plaintiff alleges he filed a grievance against Defendant Rolfe on October 12, 2010, for mishandling a $60 money order issued to Plaintiff for hobby craft items he sold to non-party Officer Valinda James. (Doc. No. 2, p. 5.) Defendant Burl responded to the grievance by threatening to charge Plaintiff with a disciplinary and suspend his hobby craft privileges, for violation of hobby craft procedures. (Id.) On October 16, 2010, Defendant Rolfe filed a disciplinary charge against Plaintiff, as ordered by Burl. (Id., p. 6.)  Defendant Cody served the charge on Plaintiff, at which time Plaintiff gave her the names of four officers involved in the transaction as witnesses.  (Id.) However, "to the best of my knowledge," the officers were not questioned about the matter. (Id.) Plaintiff states that "even though all procedures were followed Disciplinary Hearing Officer Lathan Ester and Disciplinary Server Tameka Cody played their part in this [retaliation] conspiracy." (Id., p. 7.)  Plaintiff's appeal to Burl was denied. (Id.)

On November 8, 2010, while in Rolfe's office, Plaintiff witnessed a conversation with another inmate, Frank Watts, concerning the same type of hobby craft matter for which Plaintiff was disciplined. (Id.) However, when Rolfe did not file a disciplinary charge against inmate Watts (who is African-American), Plaintiff (who is Caucasian) filed a grievance, complaining about this discriminatory behavior. (Id., p. 8.)  On December 15, 2010, Rolfe did file a disciplinary charge against Watts, informing him that Plaintiff's grievance was the catalyst for the charge. (Id.)  This was an attempt by Rolfe to escalate racial tensions between Plaintiff and Watts, and to cause Plaintiff harm. (Id., p. 9.)  Plaintiff complained of these actions in a grievance filed against Rolfe on December 27, 2010, which was dismissed as not grievable, because it concerned a disciplinary matter.  (Id.)

Plaintiff filed a claim with the Arkansas Claims Commission based on the hobby craft incident and retaliation by Defendants Burl, Ester, and Rolfe, on March 24, 2011. (Id., p. 10.)  A portion of his hobby craft was returned to him on January 26, 2012, and he filed a stolen property report and another claim with the Claims Commission, which was dismissed. (Id.)  Plaintiff seeks damages for the income lost due to the suspension of his hobby craft privileges, plus expungement of his disciplinary conviction.

## III.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135, quoting FED.R.CIV.P. 56(e), and Celotex, 477 U.S. at 324.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Webb, 144 F.3d at 1135.

    **A.**       **Exhaustion**

    **1)**       **Defendants' Motion**

Defendants Burl, Cody, and Lester first ask the Court to dismiss Plaintiff's allegations against them for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendants state that Plaintiff filed three grievances relevant to the allegations of this case, but did not specifically name or refer to any of them in those grievances. In EA-10-1738, Plaintiff named Defendant Rolfe and complained that money was not posted to his inmate account for the hobby craft belts he made for Officer James. (Doc. No. 33-1, p. 21.)  The response from Warden Burl noted that Plaintiff's complaint indicated that he failed to abide by the hobby craft policy concerning receipt of the contracted items prior to the deposit of funds in the inmate account, and that corrective action would be taken against him and Officer James. (Id., p. 22.)  The grievance was upheld on appeal by Assistant Director Larry May, and none of the other Defendants were named or referred to in the course of the appeal.  (Id., p. 23.) Grievance EA-10-04350 is the grievance Plaintiff filed concerning Defendant Rolfe's failure to discipline another inmate for the same actions, alleging retaliation and discrimination. (Id., p. 24.) Again, Defendant Burl found no merit to the grievance, stating that different situations are treated in different ways, but acknowledging that Rolfe took corrective action following the grievance. (Id., p. 25.) The third grievance, EA-10-02061, alleged Rolfe improperly named Plaintiff in the disciplinary charge filed against inmate Watts, thereby jeopardizing his safety.  (Id., p. 26.)  This grievance was rejected as not covered by the grievance policy because it concerned a disciplinary matter.  (Id., p. 27.)

Based on these grievances, and the ADC grievance requirement to be "specific as

to...personnel involved," Defendants Burl, Cody and Ester state Plaintiff's retaliation claims against

them should be dismissed.  (Doc. No. 33-2, p. 5.)  They attach the declaration of Barbara Williams,

the inmate grievance supervisor, who verified that the three grievances filed by Plaintiff did not

name  these three Defendants.  (Doc. No. 33-6, pp. 1-2.)

### 2)      Plaintiff's Response (Doc. No. 39)

Plaintiff states that disciplinary issues are not grievable, and that he should not be required

to file a separate grievance against Defendant Burl based on his decisions.  In addition, he states that

the grievance procedure lacks proper instructions when the Warden is the retaliator, and does not

explain who to contact in such situations.

### 3)      Analysis

According to the PLRA,

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that

administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the

United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion

clearly enough, regardless of the relief offered through administrative procedures."  532 U.S. 731,

741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette

v. Harris, that "[t]he statute's requirements are clear: If administrative remedies are available, the

prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for

'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229

F.3d 684, 688 (8th Cir. 2000), quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023,

1025 (8th Cir. 2000).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section

1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If

exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th

Cir. 2003) (emphasis in original.)  Finally, in Jones v. Bock, the United States Supreme Court held

that while the PLRA itself does not require that all defendants be specifically named in an

administrative grievance, "it is the prison's requirements, and not the PLRA, that define the

boundaries of proper exhaustion."  549 U.S. 199, 218 (2007).

The United States Court of Appeals for the Eighth Circuit recently ruled that prison officials

waive the failure to exhaust argument if they decide a procedurally-flawed grievance on the merits.

Hammett v. Cofield, 681 F.3d 945 (8th Cir. 2012).  Although inmate Hammett relied on grievances

which were not exhausted or which were filed outside of mandatory time limits, he was permitted

to proceed in his lawsuit, because the "PLRA's exhaustion requirement is satisfied if prison officials

decide a procedurally flawed grievance on the merits."  681 F.3d at 947.  This line of reasoning was

extended to an exhausted grievance filed by an inmate who failed to comply with prison procedures

requiring that defendants be specifically named, in Bower v. Kelley, 494 Fed.Appx. 718, 2012 WL

6199266 (8th Cir. 2012).  In Bower, an inmate filed a grievance about inadequate dental care, but

did not specifically name any individuals as responsible. Despite the ADC grievance process

requirement that all individuals involved be named, prison officials processed his grievance on the

merits through the appeals.  The Eighth Circuit rejected the Defendants' argument on appeal that

Plaintiff failed to exhaust his administrative remedies by failing to name them in the grievance,

citing Hammett and finding that such argument was waived by deciding the flawed grievance on the merits. The ADC grievance procedure requires that grievances include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." Administrative Directive (AD) 09-01.IV.E.2 (Doc. No. 33-2, p. 5.)  The procedure also provides notice of the PLRA requirement that inmates "must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim.  If this is not done, their lawsuits or claims may be dismissed immediately."  AD 09-01.IV.N (Doc. No. 33-2, p. 17.)  The procedure specifically states that "claims of retaliation, even if related to an issue referenced above (disciplinaries) are grievable." (AD) 09-01.III.G. (Doc. No. 33-2, p. 3.) And it specifically provides for issues involving retaliation, stating that if an inmate believes he has been retaliated against for using the grievance procedure, he should contact the Warden/Center Supervisor,  "or in a case of alleged retaliation by the Warden/Center Supervisor the inmate shall contact the appropriate Chief Deputy/Deputy/Assistant Director.  Regardless, the inmate must exhaust their remedies through the grievance process."  AD 09-01.IV.K.1 (Doc. No. 33-2, p. 15.)

   The Court finds that Plaintiff failed to exhaust his administrative remedies with respect to his retaliation claims against Defendants Burl, Cody, and Ester, because he did not specifically name them or refer to them in any of the grievances he filed.  This case is distinguishable from Bower, because Plaintiff did specifically name Defendant Rolfe and some other non-parties in his grievances, and therefore, Defendants did not waive their present exhaustion argument by processing Plaintiff's grievances targeting Rolfe and others.  Defendants Ester and Cody are never named or

referred to in the three grievances. In addition, the mere fact that Defendant Burl responded to

Plaintiff's grievances does not waive the exhaustion requirement as to him.  Plaintiff alleges

Defendant Burl instructed Defendant Rolfe to file a disciplinary charge against him, and took part

in a conspiracy of retaliation against him.  However, the first grievance Plaintiff filed, on October

11, 2010, did not allege retaliation, and was filed prior to the October 16, 2010 disciplinary charge.

(Doc Nos. 33-3, 33-7.)  In addition, Plaintiff's claim that Burl conspired with Rolfe to file the

disciplinary charge is rebutted by the fact that Rolfe filed the disciplinary charge against Plaintiff

on October 16, 2010, **prior to** Defendant Burl's grievance response on October 22, 2010, which

suggested the violation of policy.  (Id.) The other grievances filed by Plaintiff, which were filed after

the disciplinary charge and conviction, also do not allege any retaliation by Defendant Burl.

### B.        Res Judicata/Collateral Estoppel

#### 1)        Defendants' Motion

Defendants also state that Plaintiff's allegations against all of them should be dismissed as

barred by res judicata and collateral estoppel, because Plaintiff filed the same claim with the

Arkansas State Claims Commission and was awarded $20.  Res Judicata applies when (1) the first

suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3)

both suits involve the same parties (or those in privity with them); and (4) both suits are based upon

the same claims or causes of action.  In re Anderberg-Lund Printing Co., 109 F.3d 1343, 1346 (8th

Cir. 1997).  In this case, the first suit resulted in a final judgment, because Plaintiff received a

hearing based on proper jurisdiction pursuant to the State Claims Commission Act 462 of 1949, and

received an award of $20. ARK. CODE ANN. § 19-10-204(a).  It also involved the same parties, with

the exception of Cody, but she should be considered in privity with Rolfe, Ester and Burl, because

the allegations against all of them arise out of the same proceeding. Finally, both the suits are based on the same causes of action, or arise out of the same nucleus of operative facts.

In addition, Defendants state Plaintiff's claims are barred by collateral estoppel, because the issues in the suits are identical, the prior suit was decided on the merits, Plaintiff was a party to the prior suit and was provided a full opportunity to be heard. Oldham v. Pritchett, 599 F.2d 274, 279 (8th Cir. 1979).

### 2)      Plaintiff's Response

Plaintiff states that the Claims Commission decision should not bar this action, because the Claims Commission could not decide constitutional issues, and therefore, the legal issues are not the same in the two cases.

### 3)      Analysis

The Court finds that the retaliation issues raised in the Claims Commission action against Defendant Rolfe are identical to those raised here, and therefore, should be barred by res judicata.[1] Plaintiff alleged to the Commission that Rolfe charged him with a major disciplinary violation which was then "levied" by Ester. (Doc. No. 33-1, p. 14.) He further alleged a violation of ADC policies and procedures, together with retaliation by Defendant Rolfe. (Id., pp. 14-15.) Plaintiff asked the Commission to expunge the disciplinary, restore his hobby craft privileges and award him $7,500 in damages due to the lost revenue from his hobby craft business. (Id., p. 15.) The Commission found in favor of Plaintiff and awarded damages of $20, and later denied Plaintiff's appeal of the

---

[1]Having found that Plaintiff failed to exhaust his administrative remedies with respect to the retaliation claims against Defendants Burl, Ester, and Cody, the Court limits the res judicata analysis to the retaliation claim against Defendant Rolfe. See Johnson v. Jones, where the Court clearly stated that dismissal of an action is mandatory once it is determined that exhaustion was not completed at the time the lawsuit was filed. 340 F.3d at 627.

damages amount awarded to him.  (Id., pp. 8, 16-20.)[2]

When an administrative agency acts in a judicial capacity to resolve issues presented to it,

res judicata applies to bar additional claims by the parties based on the same cause of action.  Steffen

v. Housewright, 665 F.2d 245, 247 (8th Cir. 1981).  See also Venis v. Norris, No. 4:07cv00426-

JMM/BD, 2007 WL 3053292 (E.D.Ark. 2007).   In Williams v. Campbell, an inmate filed a

complaint with the Commission after he severed his thumb in an accident at his Unit.  163 F.3d 604,

1998 WL 514547 (8th Cir. 1998). The Commission found negligence on the part of the ADC and

awarded the inmate plaintiff damages.  His subsequently-filed § 1983 claim against the same parties

was dismissed based on res judicata; the Court finding that he was attempting to relitigate the

personal injury claim in federal court because of dissatisfaction with the damage award he received

before the Commission. Id.,*2.

Similarly, Plaintiff's retaliation allegations in this case against Defendant Rolfe are the same

as those set forth in his complaint before the Claims Commission, and they were fully litigated at

that time.  Plaintiff cannot, therefore, relitigate those same issues in this case.

C.     Due Process

1)     Defendants' Motion

Plaintiff also alleges due process violations against Defendants based on their failure to

follow proper policies and procedures during the disciplinary hearing process.[3]  He claims he

requested four witnesses from Defendant Cody when she served the disciplinary charge on him, and

---

[2]Plaintiff also eventually was paid in full the $60 for the belts he sold to Officer James. See Doc. No. 33-11, pp. 1-5.

[3]Disciplinary matters are not grievable.  AD 09-01.III.G.5 (Doc. No. 33-2, p. 3.)

11

that Defendant Ester did not attempt to reach the truth or adequately cite the evidence in support of his decision. Defendants state these allegations should be dismissed because "some evidence" existed to support the conviction, citing Superintendent v. Hill, 472 U.S. 445, 455 (1985). They note the undisputed facts that Plaintiff filed a grievance about a misplaced money order, that when Defendant Rolfe returned to work he discovered Plaintiff did not follow proper policy and procedures, that Plaintiff signed an acknowledgment and agreement of hobby craft rules, and that he failed to follow the proper policy and procedure. In addition, after a hearing, at which time Plaintiff was able to make a statement, Defendant Ester relied on the prison official's statement that Plaintiff failed to obey orders by issuing hobby craft through unauthorized channels. Plaintiff also was provided the opportunity to appeal from the decision, which was affirmed.

### 2)    Plaintiff's Response

Plaintiff states that his due process rights were violated when his witnesses did not appear at the hearing, because their testimony would have resulted in a different outcome, and there would not have been "some evidence" to convict him. Although he admits the rules of the hobby craft policy, he states he was told to act otherwise by his supervisor, and that he should not have been punished for that.

### 3)    Analysis

A retaliatory discipline claim fails if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule. Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990). "Some evidence" that the inmate actually committed a rule violation will defeat an inmate's disciplinary challenge. Goff v. Burton, 7 F.3d 734, 738-9 (8th Cir. 1993). In addition, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence,

legally suffices as 'some evidence' on which to base a prison disciplinary violation, if the violation

is found by an impartial decisionmaker." Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008).

The limited review by federal courts of the evidence presented "does not require examination of the

entire record, independent assessment of credibility of witnesses, or weighing of evidence."

Superintendent v. Hill, 472 U.S. at 455.  Therefore, the Court finds that Plaintiff's disciplinary

conviction, based on the staff report, was supported by some evidence.[4]

In addition, even assuming true Plaintiff's allegation that he was denied requested witnesses,

the Court finds that some evidence still supports his conviction.  In Wolff v. McDonnell, the United

States Supreme Court held that when a protected liberty interest exists in connection with a prison

disciplinary proceeding, due process requires that an inmate must receive notice of the charges, an

opportunity to call witnesses and present evidence, a written statement from an impartial decision

maker identifying the evidence relied on, and the reasons for the decision.  418 U.S. 539, 563-67

(1974).  However, in Burgie v. Norris, where an inmate claimed that officials failed to obtain a

statement from his requested witness prior to the hearing, the court held no violation of due process,

because "some evidence" existed to support the conviction, and Plaintiff provided no indication that

the witnesses' testimony would have caused the outcome of the proceedings to be different.  No.

5:08cv00089-BSM/JTR, 2009 WL 361173 (E.D.Ark. 2009).  In support, the Court cited Howard v.

United States, where the court stated that the right to call and present witnesses is not absolute, and

that "errors made by prison officials in denying witness testimony at official hearings are subject

---

[4]The Hobby craft policy and procedures provide that customers shall pick up their ordered items **after payment in full is made to the inmate account**.  Policy 22.01.0 VI.K.  (Doc. No. 33-10, p. 3.)  Plaintiff signed an agreement acknowledging the hobby craft rules on August 29, 2009. (Doc. No. 33-9.)

to harmless error review." 487 F.3d 808, 812 (10th Cir. 2007), quoting <u>Grossman v. Bruce</u>, 447 F.3d 801, 805 (10th Cir. 2006.)

In this case, Plaintiff states he gave Cody a list of witnesses, but acknowledges that he does not know whether they were contacted. He does not claim, or cite to any evidence in support, to show that he raised this issue at his hearing, when he was provided an opportunity to speak on his behalf. (Doc. No. 33-7, pp. 1-3.) Therefore, the Court finds that any decision to forego with his requested witnesses does not overcome the evidence which existed to support his conviction.

## D. Discrimination

Plaintiff also appears to allege discrimination and a denial of equal protection, based on Rolfe's initial failure to issue a disciplinary charge to another inmate, Watts, who had committed the same infractions which led to Plaintiff's disciplinary charge and conviction. Plaintiff does not dispute, however, that Watts later was convicted of a disciplinary for his infractions. (Doc. No. 39, pp. 53-55.) He also argues that Defendant Rolfe placed him in danger by mentioning his name in the disciplinary filed against Watts.

Defendants state Plaintiff fails to show that similarly-situated classes of inmates were treated different, which is essential to support his equal protection claim, especially since inmate Watts was also convicted of failing to follow the hobby craft rules and procedures.

The Court finds Plaintiff fails to support an equal protection claim against Defendant Rolfe, because he provides no evidence to show that he was treated different from similarly-situated inmates. <u>See</u> <u>Weiler v. Purkett</u>, 137 F.3d 1047, 1051 (8th Cir. 1998); <u>Klinger v. Dep't of Corrections</u>, 31 F.3d 727, 733 (8th Cir. 1994). In addition, Plaintiff's allegations against Defendant Rolfe for placing him in danger fail, because he has alleged no harm. Allegations of threats of harm

do not support a constitutional claim for relief.  King v. Olmsted County, 117 F.3d 1065, 1067 (8th

Cir. 1997).  In addition, "the constitution does not protect against all intrusions on one's peace of

mind.  Fear of emotional injury which results solely from verbal harassment or idle threats is

generally not sufficient to constitute an invasion of an identified liberty interest."  King, 117 F.3d

at 1067, quoting Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).

### E.      Other Defenses

The Court agrees with Defendants that Plaintiff's damages claims against them in their

official capacities should be dismissed, pursuant to sovereign immunity.  Will v. Michigan Dept. Of

State Police, 491 U.S. 58, 65 (1989);  Murphy v. State of Arkansas, 127 F.3d 750, 755 (8th Cir.

1997).

Defendants also argue they are protected from liability in their individual capacities by

qualified immunity.  Qualified immunity protects officials who acted in an objectively reasonable

manner.  It may shield a government official from liability when his or her conduct does not violate

"clearly established statutory or constitutional rights of which a reasonable person would have

known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law,

not a question of fact.  McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir.

2005).   Thus, issues concerning qualified immunity are appropriately resolved on summary

judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit*

rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case

is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally

consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable

to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right

was so clearly established that a reasonable official would have known that his or her actions were

unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).[5]  Defendants are entitled to qualified

immunity only if no reasonable fact finder could answer both questions in the affirmative.  Nelson

v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Upon close review of the evidence in support of the Motion for Summary Judgment, the

Court finds that Defendants acted reasonably under the circumstances.  No reasonable fact finder

could find that the facts alleged or shown, construed in the light most favorable to Plaintiff,

established a violation of a constitutional or statutory right.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 33) be GRANTED.

2.    Plaintiff's retaliation claims against Defendants Burl, Ester, and Cody, be

DISMISSED without prejudice, for failure to exhaust administrative remedies.

3    Plaintiff's retaliation claims against Defendant Rolfe be DISMISSED with prejudice.

4.    The remaining claims against all Defendants be DISMISSED with prejudice.

---

[5]Courts are "permitted to exercise their sound discretion in deciding which of the two
prongs of the qualified immunity analysis should be addressed first in light of the circumstances in
the particular case at hand."  Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at
236).

IT IS SO RECOMMENDED this 9th day of December, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE